Hershel RHODES, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12371.

Criminal Court of Appeals of Oklahoma.

Dec. 12, 1956.

Rehearing Denied Jan. 2, 1957.

Alvin C. Bruce, Ardmore, Oklahoma, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Justice.

Plaintiff in error, Hershel Rhodes, defendant below, was charged by information in the District Court of Marshall County, Oklahoma, with having committed, on October 14, 1955, the crime of second degree arson by feloniously burning an uninhabited building, in the nighttime, situated on U. S. Highway 70 in said county and state. He was tried by a jury, convicted, and his punishment fixed by the jury at a year in the penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

Testimony of Highway Patrolmen Thomas Harris and Obert Bennett in substance was as follows: They were proceeding west approximately two miles west of the west end of Roosevelt Bridge on U. S. Highway 70. As they came over a rise on the highway, they saw a fire flash up about one-half mile west of them. When they neared the scene, they saw a dark gray Ford come between them and the fire, go in front of the building and down the driveway, and proceed west on Highway 70 without the lights burning. The officers pursued the car and identified the occupants as Hershel Rhodes and one Gilbert Coe. They identified the occupants but did not detain them at that time. They returned to the scene of the fire which they found to be an uninhabited service station. It consisted of the main building and a smaller building about forty feet to the right rear. The main building was not in full flame and they observed that the floor was on fire and coal oil was all over the floor. Shortly thereafter, they arrested the defendant at Ballard's Tavern near Madill as Coe was coming out of the tavern with beer and Rhodes was lying in the back seat in a drunken condition. The patrolmen arrested them for arson and searched their automobile, in the turtle back of which they discovered a five-gallon can with a screw top which contained about one-half cup of coal oil. The officers both testified that the fire occurred about 11:30 P.M. The record discloses that the coal oil was purchased from A. J. Glover, who was the attendant at a Bell Service Station, on the night of October 14, 1955, and that the said coal oil was placed in the five-gallon can introduced into evidence which Glover identified. He related that he remembered the can because the lid was rusty and he had to remove it with a pair of pliers. He also identified the automobile occupied by the defendant and Coe as being a gray Ford with a big dent in the fender. He was unable to identify Rhodes as he said he did not see him. The Sheriff testified that the can was delivered to him by the Highway Patrolmen after having been properly identified.

The defendant, testifying in his own behalf and supported by Coe, related that they were driving by, saw the fire flash up, and went in to see what was taking place. The fact, however, that they drove away hurriedly without their lights burning for approximately one-half mile down the road, that they had purchased the can of coal oil shortly before and had the same can in the turtle back of their automobile with a quantity of coal oil still therein, and were at the scene when the flash occurred, are strong circumstances against the defendant, Rhodes. The officers' testimony that they saw the sudden flash, and after the arrest of the defendant brought Rhodes in their patrol car back to the scene of the fire, and that he had coal oil on his clothing and smelled strongly thereof, are further facts that the jury had a right to consider. We believe the circumstances herewith presented preclude every reasonable hypothesis of the defendant's innocence. Williams v. State,

21 Okl.Cr. 161, 205 P. 772; Buck v. State, 77 Okl.Cr. 17, 138 P.2d 115.

It has been repeatedly held that questions of fact are solely for the determination of the jury and where there is any evidence reasonably tending to support the jury's finding, the same will not be vacated, reversed, or set aside. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479; Buck v. State, supra.

The defendant urges no other contention other than the insufficiency of the evidence. Judgment is affirmed.

JONES, P. J., and POWELL, J., concur.